## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STANTIN E. SILLAS,**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**                                    **No. 04-CV-0767-DRH**
                                                  **No. 02-CR-30071-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.  Introduction and Background

Now before the Court is Stantin E. Sillas' petition/motion for relief under **28 U.S.C. § 2255**.  Sillas raises four grounds for relief: (1) counsel was ineffective in failing to appeal his sentence; (2) his sentence was enhanced by factors not charged in the indictment nor admitted by him; (3) his guilty plea was not knowing and intelligent; and (4) counsel was ineffective in failing to advise him of the consequences of his guilty plea (Doc. 1).   The Government opposes the petition/motion (Doc. 5).  Based on the following, the Court denies Sillas' motion.

On June 19, 2002, the grand jury returned a two-count indictment against Sillas charging him with being a felon in possession of a firearm in violation

of 18 U.S.C. § 922(g)(1) (Doc. 1).  On December 12, 2002, attorney John P. Rogers entered his appearance on behalf of Sillas (Doc. 7).  Without the benefit of a plea agreement, Sillas pled guilty to charges contained in the indictment on March 3, 2003 (Doc. 13).  On October 17, 2003, the Court sentenced Sillas to a term of imprisonment of 120 months on two-counts of being a felon in possession of a firearm in violation of 18 U.S.C. § U.S.C. § 922(g)(1) (Doc. 25).  Pursuant to the United States Sentencing Guidelines ("U.S.S.G") Manual, 2002, the Court found that Sillas had an offense level of 28 and a criminal history level of 4 resulting in a sentencing range of 110 to 137 months.  Sillas' offense level of 28 was determined as follows: a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A), 2 additional offense level points pursuant to U.S.S.G. § 2K2.1(b)(1)(A), in that Sillas' offense involved three or more firearms, 2 additional level points pursuant to U.S.S.G. § 3C1.1 for obstruction of justice and 4 additional offense level points, pursuant to U.S.S.G. § 2K2.1(b)(5), due to Sillas using or possessing a firearm in connection with another felony – attempted murder. (See Sentencing Transcript, ps. 70-93).

At the hearing, Sillas objected to the addition of 2 offense level points for obstruction of justice.  The Court found that Sillas obstructed justice in his factual basis for change of plea wherein he stated that he had only possessed each weapon for only a 2-day period.  The Court found Sillas' statement "perjurious in nature , designed in some way to misrepresent the facts to the Court as though the defendant possessed the firearms for a far shorter period of time than he actually

did, meant to make it appear to the Court as though the defendant was less culpable...."  (See Sentencing Transcript, p. 73).

Sillas filed a notice of appeal on October 20, 2003.  On December 30, 2003, Sillas, by and through his counsel, filed a motion to dismiss the appeal in the Seventh Circuit stating "defendant no longer wishes to appeal the sentence imposed." On December 31, 2003, the Seventh Circuit issued its Order dismissing the appeal pursuant to Federal Rule of Appellate Procedure 42(b) and Circuit Rule 51(f). Thereafter, Sillas, *pro se*, timely filed his **28 U.S.C. § 2255** petition/motion with this Court (Doc. 1).

## II.  Analysis

**28 U.S.C. § 2255** provides:

> A prisoner in custody under sentence of a court established by the Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Section 2255 was enacted to provide the court of the district in which a defendant is *sentenced* the same remedies available by habeas corpus proceedings to the court of the district in which a prisoner is *confined*.  **Hill v. United States, 368 U.S. 424, 427 (1962)**.  The grounds for relief under § 2255 are considerably more narrow than the grounds for relief on direct appeal.  Relief under Section 2255

is "reserved for extraordinary situations." ***Prewitt v. United States***, **83 F.3d 812, 816 (7th Cir. 1996),** ***citing Brecht v. Abrahamson***, **507 U.S. 619, 633-34 (1993)**. A criminal defendant may attack the validity of his sentence under Section 2255 only if

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

**28 U.S.C. § 2255;** ***Prewitt*, 83 F.3d at 816**. However, a Section 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." ***Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995);** ***see also Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994)**. Therefore,

> [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

***Prewitt*, 83 F.3d at 816 (emphasis in original).** ***See also Reed v. Farley*, 512 U.S. 339, 354 (1994)**. The Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a Section 2255 motion:

> "(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised of direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as

actual prejudice from the failure to appeal."

***Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)*, overruled on other***

***grounds, Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994)***.

Furthermore, a petitioner filing a petition pursuant to **28 U.S.C. § 2255**

must state specific facts which describe each ground for relief so that the district

court may tell from the face of the petition whether habeas review is warranted.  ***See***

**Rule 2(b) of the Rules Governing § 2255 Cases;** *see also Adams v. Armontrout,*

**897 F.2d 332, 334 (8th Cir. 1990)(§ 2254 petition)**.  A § 2255 petition cannot

stand on vague and conclusory assertions of a constitutional violation; rather, the

petition must set forth facts with sufficient detail to point the district court to the real

possibility of a constitutional error.  ***See Oliver v. United States,* 961 F.2d 1339,**

**1343 n. 5 (7th Cir. 1992)(holding that a district court may deny a § 2255**

**motion without a hearing "if the allegations in the motion are unreasonably**

**vague, conclusory, or incredible, or if the factual matters raised by the motion**

**may be resolved on the record before the district court.");** *see also Shah v.*

*United States,* **878 F.2d 1156, 1161 (9th Cir. 1989)(holding that vague or**

**conclusory allegations warrant summary dismissal of § 2255 claims);** *see also*

*United States v. Aiello,* **814 F.2d 109, 113-14 (2nd Cir. 1987)(holding that a**

**§ 2255 petition must be based on more than "[a]iry generalities, conclusory**

**assertions and hearsay statements.");** *see also United States v. Unger,* **635 F.2d**

**688, 691 (8th Cir. 1980) (holding that "[c]onclusory assertions that a**

**defendant's pleas were involuntary and coerced are insufficient.")**.  With these principles in mind, the Court addresses the merits of Sillas' petition/motion.

As to his first ground for relief, Sillas argues that his counsel was ineffective in failing to appeal his sentence.  The Government contends that this claim is spurious considering Sillas' previous letter stating that he agrees to accept 120 months and his statement through counsel that he no longer wished to proceed on appeal.  The Court agrees.  As stated earlier, the record demonstrates that his lawyer did file an appeal on Sillas' behalf on October 20, 2003.  *See United States v. Sillas*, 02-CR-30071-DRH; Doc. 30; *United States v. Sillas*, 03-3795 (7th Cir. 2003).  The record also demonstrates that Sillas, by and through his counsel, filed a motion to dismiss the appeal with the Seventh Circuit on December 30, 2003.  *See United States v. Sillas*, 03-3795; Doc. 6.  The motion states that "Defendant no longer wishes to appeal the sentence imposed.  The motion was supported by a letter from Sillas.  Sillas' letter reads:

> "To whom it may concern,
> My name is Stantin Sillas and I agree to accept 120 months.  Thanking you in advance for your time and consideration into this matter.
> Respectfully
> Stantin Sillas"

That same day, Sillas, by and through counsel, filed a Response to Rule to Show Cause Criminal Appeal- Counsel for Appellant with the Seventh Circuit.  *See United Sttes v. Sillas*, 03-3795; Doc. 7.  That response states that "counsel was advised telephonically that Defendant no longer wish to proceed with his appeal.  Counsel

requested that the Defendant put his request in writing to be submitted to the Court."
The next day, the Seventh Circuit issued its Order discharging the Rule to Show
Cause and dismissing the appeal in accordance with Federal Rule of Appellate
Procedure 42(b) and Circuit Rule 51(f).  **See United States v. Sillas, 03-3795;
Doc. 8**.  Based on the record, the Court finds that Sillas has failed to establish this
claim.  Thus, the Court denies Sillas' first ground that counsel was ineffective in
failing to file an appeal.

As to Sillas' second ground, that his sentence was enhanced by factors
not charged in the indictment nor admitted by him, the Court finds this claim is
without merit.  Specifically, Sillas argues that prior to sentencing he submitted an
objection to the Presentence Report objecting to the enhancement of his sentence
from a level 20 to a level 26 with an actual level of 23 after deduction of three points
for acceptance of responsibility.  Minus the enhancements, Sillas contends that his
correct level should have been a level 20 under the "USSG" with an actual level of 17
after deduction of acceptance of responsibility.  The Court does not agree.  The
applications of the guidelines were explained to Sillas at the time of his guilty plea;
as were the Court's guideline calculation and basis for his sentence at the time of his
sentencing.  Furthermore, sentencing issues are non-constitutional claims and thus
barred from § 2255 review.  **See Prewitt v. United States, 83 F.3d at 816**.  This
ground should have been raised on direct appeal and cannot be raised in a § 2255
petition.  The Court denies Sillas' second ground that his sentence was enhanced by

factors not charged in the indictment nor admitted by him.

As to Sillas' claims that his plea was not knowingly and intelligently entered and that his counsel was ineffective during the plea stage (grounds three and four) the Court finds that these claims also are without merit.  The Court finds that Sillas has not met his burden regarding the involuntariness of his plea.  **United States v. Marx, 930 F.2d 1246, 1250 (7th Cir. 1991).**  A guilty plea is valid only if it is made voluntarily, knowingly, and intelligently.  **Boykin v. Alabama, 395 U.S. 238, 242 (1969)**.  The plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant," **North Carolina v. Alford, 400 U.S. 25, 31 (1970)**, and the defendant must have a "sufficient awareness of the relevant circumstances and the likely consequences," **Brady v. United States, 397 U.S. 742, 748 (1970)**.  In **Alford**, the Supreme Court held that, in light of the evidence against the defendant, a state trial judge did not commit constitutional error in accepting a guilty plea even though the defendant stated that he did not shoot anyone, and that he was taking the blame to protect another man, and that he was pleading guilty to avoid execution.  **Alford, 400 U.S. at 28 n. 2, 37-38**.  A trial judge has discretion not to accept a knowing and voluntary guilty plea when the defendant declares his innocence, but also has discretion to accept it.  **Higgasaon v. Clark, 985 F.2d 203, 208 (7th Cir.) cert. denied sub nom. Higgason v. Farley, 113 S.Ct. 2974 (1993)**.  The Constitution "'does not require the establishment in all cases of a factual basis for a guilty plea.'"  **Id. (quoting**

*United States v. Johnson*, 612 F.2d 305, 309 (7th Cir. 1980)(citing *McCarthy v. United States*, 394 U.S. 459, 465 (1969)).

A plea that is not made voluntarily, knowingly, and intelligently violates the Due Process Clause of the Fitfth Amendment. *United States v. Gilliam*, 225 F.3d 428, 433 (7th Cir. 2001)(citing *McCarthy*, 394 U.S. at 466). A petitioner challenging the voluntariness of his plea bears the burden of persuading the Court that his plea was not voluntary, and the Court should look to all of the facts and circumstances surrounding the plea to determine whether it was voluntary. *Marx*, 930 F.2d at 1250.

Sillas alleges that his plea was involuntary because he was never advised by his counsel that his sentence would be enhanced. There is no question that the four corners of the record reflect an unquestionably knowing and voluntary plea. However, the facial validity of the plea as reflected in a plea hearing does not foreclose the possibility that it was not voluntary because of some factor not reflected in the proceedings. *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977); *Bontkowski v. United States*, 850 F.2d 306, 316 (7th Cir. 1988); *Evans v. Meyer*, 742 F.2d 371, 382 n. 9 (7th Cir. 1984). "In administering . . . § 2255 -. . ., the federal courts cannot fairly adopt a *per se* rule excluding all possibility that a defendant's representations at the time of the guilty plea was accepted were so much the product of such factors of as misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate

basis for imprisonment." ***Blackledge*, 431 U.S. at 75**. The petitioner, must, however, present in his petition allegations regarding the matters outside the record that are not "palpably incredible" or "patently frivolous or false" when viewed in the light of the record as a whole. ***Id.* at 76**. In the absence of credible allegations of matters outside the record, the petition is subject to summary dismissal without a hearing. ***Id.***

Faulty legal advice that leads to a petitioner's misunderstanding of the direct consequences of his plea is one of those factors that could render a plea involuntary and thus invalid. ***See Dickerson v. Vaughn*, 90 F.3d 87, 92 (3rd Cir. 1996)**. The Supreme Court has long recognized that a plea can only be voluntary if counsel provided competent assistance in connection with the plea. ***Hill v. Lockhart*, 474 U.S. 52, 56 (1985)**.

Under ***Strickland v. Washington*, 466 U.S. 668, 687-91 (1984)**, Sillas is required to show that his counsel was both incompetent and that, but for his deficient performance, the result would have been different. "To demonstrate prejudice arising from a guilty plea allegedly rendered involuntary by counsel's performance, a petitioner must establish that counsel's performance was objectively unreasonable and that, but for counsel's erroneous advice, he would not have pleaded guilty." ***United States v. Bridgeman*, 229 F.3d 589, 592 (7th Cir. 2000)(citing *United States v. Martinez*, 169 F.3d 1049, 1052-53 (7th Cir. 1999)**. The petitioner's burden is heavy because the ***Strickland*** test is "highly

deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." ***United States v. Shukri***, **207 F.3d 412, 418 (7th Cir. 2000)(quotations omitted)**.

To satisfy the first prong, Sillas must direct the Court to specific acts or omissions of his counsel. ***Fountain*, 211 F.3d 429, 434 (7th Cir. 2000)(citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995))**. The Court must then consider whether, in the light of all the circumstances, counsel's performance was outside the range of professionally competent assistance. ***Id*.** Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. ***Id*.** The Court cannot become a "Monday morning quarterback." ***Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990)**. To satisfy the second prong of the ***Strickland*** test, the petitioner must show that there is a reasonable probability, that but for counsel's unprofessional errors, the result of the proceedings would have been different. ***Fountain*, 211 F.3d at 434**. In essence, petitioner must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. ***Hill v. Lockhart*, 474 U.S. 52, 58 (1985)(citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973))**. To make this showing, the petitioner must present objective evidence that he would have not entered the guilty plea; his own self-serving testimony is not enough. ***McCleese v.***

*United States*, 75 F.3d 1174, 1179 (7th Cir. 1996)(citing *Toro v. Farman*, 940 F.2d 1065, 1068 (7th Cir. 1991)).

Sillas has not made the required showing of a Fifth or Sixth Amendment violation in connection with his plea.  Sillas falters on both prongs of the *Strickland* test.  Moreover, Sillas does not offer any support for his allegation that his attorney did not advise him of the possibility of the enhancement.  Therefore, his claim of ineffective assistance of counsel does not succeed.  **See United States v. Jordan, 870 F.3d 1310, 1318 (7th Cir.), cert. denied, 493 U.S. 831 (1989)(holding that even assuming that petitioner's counsel should have advised petitioner of possible consequences of his plea, petitioner has the burden to offer evidence to support the bare allegations that his counsel failed to advise him of these possibilities)**.

As to Sillas' claims that his counsel was ineffective are without merit.  His bald assertions (which are either not true or not supported by the record) are insufficient basis to grant him the relief he seeks.  The Court concludes that his counsel was not ineffective in representing him.  In fact, the Court finds that his actions were reasonable and sound in light of the facts and circumstances.  Thus, the Court rejects Sillas' **28 U.S.C. § 2255** petition/motion.  Finally, the Court notes that letting Sillas' conviction and sentence stand would not result in a fundamental miscarriage of justice.  **Murray v. Carrier, 477 U.S. 478, 495 (1986)**.

### III.  Conclusion

Accordingly, the Court **DENIES** Sillas' 28 U.S.C. § 2255 petition/motion.

The Court **DISMISSES with prejudice** Sillas' 28 U.S.C. § 2255 petition/motion.

Further, the Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 22nd day of June, 2006.


/s/         David   RHerndon
**United States District Judge**